IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD GALANKO,<br><br>　　Plaintiff,<br><br>v.<br><br>ALLEGHENY COUNTY,<br><br>　　Defendant. | Case No. _2:20-cv-1715___<br><br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

NOW COMES Plaintiff, Bernard Galanko, by and through his attorney, Prabhu Narahari, Esq., of Ruppert Manes Narahari LLC, and files this Complaint alleging as follows:

## I. Nature of the Action

1.　Plaintiff brings this Complaint to recover damages under Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.,* the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 1421. Plaintiff alleges that he was repeatedly denied reasonable accommodation of his disability. He further alleges that he was discriminated against on the basis of his age.

## II. Jurisdiction and Venue

2.　This action arises under the ADA and the ADEA.  This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3.　This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5. Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding his allegations under the ADA and the ADEA on September 30, 2019, under charge number 846-2019-29166. *See Exhibit 1*.

6. Plaintiff was mailed Notice of Right to Sue from the ("EEOC") on August 12, 2020. This Complaint has been filed within ninety days of the Plaintiffs receipt, thus making this action timely. *See Exhibit 2*.

### III. Parties

7. Plaintiff, Bernard Galanko ("Plaintiff"), is an adult individual with a primary residence located at 7313 Whipple Street, Swissvale, PA 15218.

8. Defendant, Allegheny County ("Defendant"), is a governmental body in Pennsylvania with a regular place of business located at 542 Forbes Avenue, Pittsburgh, PA 15219.

### IV. Facts

9. Plaintiff began working for Defendant in the Department of Human Services Office of Behavioral Health as a drug and alcohol program specialist in 2010.

10. Plaintiff, a sixty-two-year-old man, is disabled in that he suffers from chronic anxiety and depression. He was first treated for mental illness at the age of twenty-three, and he has participated in therapy ever since.

11. Plaintiff also has a learning disability which causes him to read at a slower rate than average.

12. Despite this, he has had a successful career in the mental health field, using his personal experiences as an asset in working with Allegheny County residents who face similar struggles.

13. Plaintiff also has earned a master's degree in education.

14. In addition to his mental health-related disabilities, Plaintiff suffered a serious head injury in 2013 when he fell down a flight of stairs. As a result of his injury, Plaintiff was diagnosed with post-concussion syndrome, which has resulted in periodic reoccurring headaches, dizziness, vertigo, and some short-term memory loss.

15. Plaintiff first requested a reasonable accommodation from Defendant in December 2017. *See Exhibit 3*.

16. He submitted an official request from his psychiatrist, Dr. Harlan Handler, requesting:

    a. Modified deadlines for his assignments, when possible;

    b. Receipt of verbal, rather than written, instructions and directives; and

    c. Redistribution of some of his regular assignments.

17. Dr. Handler's note acknowledged that some of Defendant's deadlines could not be extended, and it explained that Plaintiff would prioritize important reports and materials. The main purpose of the request was to give Plaintiff more time to complete his assigned tasks.

18. This reasonable request was formally denied by Defendant approximately six weeks after it was submitted.

19. Defendant's management team refused Plaintiff's requests to discuss in detail the accommodation and subsequent denial. Officials simply stated that the request for reasonable accommodation would disrupt the workflow in the department.

20. Plaintiff was not provided with an opportunity to work with Defendant with regard to any of his three reasonable requests.

21. Additionally, two weeks after submitting the request, Plaintiff received a negative performance review. This was the first poor evaluation that he received in seven years of working for Defendant.

22. Further, the review was conducted by an employee who had only worked for Defendant, at the time, for approximately five months.

23. The review did not address Plaintiff's excellent employment history, nor did it address his request for accommodation.

24. Around this same time, Plaintiff was written up for missing a deadline on a 350-page report. However, Plaintiff was unable to complete the large assignment as he had been directed to leave the workplace every day at 6 p.m. This limited the time that he was able to spend on the assignment.

25. Plaintiff had also been out sick for several days prior to the due date.

26. No other employee was expected to turn around an assignment of that magnitude in the time that Plaintiff was given by Defendant.

27. In early 2019, Plaintiff took a brief leave of absence to cope with his mental health and job-related stress.

28. While on leave, Defendant asked if he would require accommodations upon his return to work. Plaintiff stated that, in order to be successful in his position, he required the accommodations that he originally requested in December 2017.

29. Eventually, the Allegheny County Human Resources Department reached out to Plaintiff and expressed a desire for him to transfer from his position to a different department.

Plaintiff inquired as to what accommodations would be available in a different department; however, Defendant, again, refused to discuss the issue of his needed reasonable accommodations.

30. Considering his learning disability and health-related problems, Plaintiff declined the suggestion that he move departments. Plaintiff explained that, given his age and disability, it would be best if he were given the opportunity to return to his old job with the requested reasonable accommodations. Defendant agreed that Plaintiff should return to his position, but declined, again, to grant the reasonable accommodations or any modification thereof.

31. Upon return from his medical leave, none of the assistance that Plaintiff requested was provided to him.

32. Further, Plaintiff was required to delete all of his work account emails that he had kept over the course of eight years. Plaintiff maintained his emails as a result of his struggles with memory. Defendant provided no explanation as to why Plaintiff was required to delete all of his emails. The email records served as invaluable reference material to Plaintiff, and he felt lost in his ability to effectively work without them.

33. Plaintiff felt that he had no other choice but to retire from his position with Defendant.

34. Plaintiff's employment with Defendant officially ended in October 2019 after he was repeatedly denied reasonable accommodation, discriminated against on the basis of his age and disability, and retaliated against for making the reasonable requests for assistance.

## COUNT I
**Disability Discrimination in Violation of the ADA**

35. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

36. The protections offered through the ADA are well settled law and provide protections to individuals with disabilities.

37. To establish a *prima facie* case of disability discrimination under the ADA, a plaintiff must show:

    a. "He is a disabled person within the meaning of the ADA;

    b. He is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer;

    c. He has suffered an otherwise adverse employment decision as a result of the discrimination." Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998).

38. The inquiry into whether a person is disabled under the ADA is made on a case-by-case analysis. Tice v. Centre Area Transport Authority, 247 F.3d 506 (3rd Cir. 2001).

39. The term "disability" is defined under the ADA as:

    a. "A physical or mental impairment that substantially limits one or more major life activities of such individual;

    b. A record of such an impairment; or

    c. Being regarded as having such an impairment." 29 C.F.R. § 1630.2(g).

40. Here, Plaintiff is disabled in that he has been diagnosed with anxiety, depression, a learning disability, and post-concussion syndrome. Coping with his disabilities substantially limits Plaintiffs work process and daily activities. These disorders are both recorded and regarded as impairments.

41. Plaintiff is otherwise qualified for his position, as he was a successful member of Defendant's staff for approximately nine years.

42. He consistently received positive reviews prior to his request for reasonable accommodation based on his disabilities.

43. Plaintiff was discriminated against on the basis of his disability at various points throughout his employment.

44. Defendant refused to discuss Plaintiff's disability.

45. He received a baseless negative performance review shortly after requesting accommodation.

46. The Human Resources Department attempted to rearrange his position, and management forced him to delete material upon which he relied.

47. All of these instances made it exceptionally difficult for Plaintiff to effectively work and ostracized him

48. Plaintiff suffered adverse employment action when he was constructively discharged from his position as a result of Defendant's discriminatory acts.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against Defendant, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT II
## Failure to Accommodate in Violation of the ADA

49. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

50. To state a *prima facie* case for failure to accommodate, a plaintiff must show:

   a. Both that he was disabled within the meaning of the ADA and the employer was aware of his disability;

   b. He made a request for a reasonable accommodation;

   c. His employer failed to make the reasonable accommodation on a good faith basis;

   d. The accommodation was reasonable and could have reasonably have been achieved. <u>Dreibelbis v. County of Berks</u>, 438 F. Supp. 3d 304, 316 (E.D. Pa. 2020).

51. Plaintiff was disabled within the meaning of the ADA as a result of his diagnoses of anxiety, depression, a learning disability, and post-concussion syndrome.

52. Defendant was aware of these disabilities, as Plaintiff informed management on several occasions of his need for accommodation.

53. Plaintiff made several requests for accommodation, and he provided notice from his physician explaining the nature of the request and need for assistance.

54. Defendant failed to meet the request, or any modified request, made by Plaintiff.

55. Further, Defendant failed to engage in a dialogue regarding the request or potential modification of Plaintiff's workload.

56. The requested accommodation was reasonable, and it could have been easily met. Plaintiff expressed his willingness to work with Defendant in creating an appropriate accommodation; however, Defendant failed to consider granting the request or any modification thereof.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against Defendant, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees,

prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT III
## Retaliation in Violation of the ADA

57. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

58. To state a *prima facie* case for retaliation under the ADA, a plaintiff must show:

   a. "protected employee activity;

   b. Adverse action by the employer either after or contemporaneous with the employee's protected activity; and

   c. A causal connection between the employee's protected activity and the employer's adverse action." Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997).

59. Here, Plaintiff engaged in a protected activity when he made a reasonable request for accommodation.

60. Defendant took adverse action against Plaintiff in providing him with a negative performance review which ignored his disability. The review was also incomplete and inaccurate.

61. Defendant took adverse action against Plaintiff in attempting to move him from his position to a different department. Adverse action was also taken in forcing Plaintiff to delete the emails upon which he relied for support in completing all of his assigned tasks.

62. Prior to requesting reasonable accommodation, Plaintiff had no adverse action taken against him. As a result, there is a causal connection between Plaintiff's invocation of his rights to reasonable accommodation and the adverse employment action.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against Defendant, and award all damages available at law in equity, including: lost

wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT IV
### Disability Discrimination in Violation of the PHRA

63. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

64. The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to dispose of both ADA and PHRA claims on the same grounds. Bialko v. Quaker Oats Co., 434 F. App'x. 139, 142 n.5 (3d Cir. 2011) (citing Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382 (3d Cir. 2002).

65. Here, Plaintiff is disabled because he has been diagnosed with anxiety, depression, a learning disability, and post-concussion syndrome. Coping with his disabilities substantially limits Plaintiffs work process and daily activities. These disorders are both recorded and regarded as impairments.

66. Plaintiff is otherwise qualified for his position, as he was a successful member of Defendant's staff for approximately nine years. He consistently received positive reviews prior to his request for reasonable accommodation based on his disabilities.

67. Plaintiff was discriminated against on the basis of his disability at various points throughout his employment. Defendant refused to discuss his disability, the Human Resources Department attempted to rearrange his position, and management forced him to delete material upon which he relied.

68. All of these instances both made it exceptionally difficult for Plaintiff to effectively work, and it ostracized him

69. Plaintiff suffered adverse employment action when he was constructively discharged from his position as a result of Defendant's discriminatory acts.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against Defendant, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT V
### Failure to Accommodate in Violation of the PHRA

70. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

71. Plaintiff was disabled within the meaning of the ADA and the PHRA as a result of his diagnoses of anxiety, depression, a learning disability, and post-concussion syndrome. Defendant was aware of these disabilities, as Plaintiff informed management on several occasions.

72. Plaintiff made several requests for accommodation, and he provided notice from his physician explaining the nature of the request and need for assistance.

73. Defendant failed to meet the request, or any modified request, made by Plaintiff. Further, Defendant failed to engage in a dialogue regarding the request or potential modification of Plaintiff's workload.

74. The requested accommodation was reasonable, and it could have been easily met. Plaintiff expressed his willingness to work with Defendant in creating an appropriate

accommodation; however, Defendant failed to even consider granting the request or any modification.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against Defendant, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT VI
### Retaliation in Violation of the PHRA

75. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

76. Here, Plaintiff engaged in a protected activity when he made a reasonable request for accommodation.

77. Defendant took adverse action against Plaintiff in providing him with a negative performance review which ignored his disability. The review was also incomplete and inaccurate.

78. Defendant took adverse action against Plaintiff in attempting to move him from his position to a different department. Adverse action was also taken in forcing Plaintiff to delete the emails upon which he relied for support in completing all of his assigned tasks.

79. Prior to requesting reasonable accommodation, Plaintiff had no adverse action taken against him. As a result, there is a causal connection between Plaintiff's invocation of his rights to reasonable accommodation and the adverse employment action.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against Defendant, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees,

prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT VII
### Age Discrimination in Violation of the ADEA

80. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

81. The Age Discrimination in Employment Act of 1967 prohibits employers from failing to promote an employee solely on the basis of age.

82. In order to state a *prima facie* claim of failure to promote under the ADEA, a plaintiff must show:

83. In order to make a *prima facie* case of discrimination, Plaintiff must show that:

   a. "he is forty years of age or older;

   b. the defendant took an adverse employment action against plaintiff;

   c. plaintiff was qualified for the position at issue; and

   d. he was replaced by an 'employee who was sufficiently younger to support an inference of discriminatory animus'." Cridland v. Kmart Corp., 929 F. Supp. 2d 377, 385 (E.D. Pa. 2013) (citing Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009)).

84. Here, Plaintiff, at age sixty-two, is over the age of forty.

85. Defendant took adverse employment action against Plaintiff in failing to provide adequate and reasonable accommodations to him. This resulted in the Plaintiff's constructive discharge from his position in the form of taking retirement earlier than he planned.

86. Plaintiff was qualified for his positions, and he was very successful in working for Defendant for several years.

87. Plaintiff's position, which was a crucial role in Defendant's employment structure, was replaced by a younger individual. Further, Plaintiff was forced into an early retirement, creating a strong inference of discriminatory animus.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against Defendant, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT VIII
### Age Discrimination in Violation of the PHRA

88. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

89. The analysis into a claim of age discrimination under the PHRA is equivalent to that of the ADEA. Fasold v. J., 409 F.3d 178, 183 (3d Cir. 2005).

90. Here, Plaintiff, at age sixty-two, is over the age of forty.

91. Defendant took adverse employment action against Plaintiff in failing to provide adequate and reasonable accommodations to him. This resulted in the Plaintiff's constructive discharge from his position in the form of taking retirement earlier than he planned.

92. Plaintiff was qualified for his positions, and he was very successful in working for Defendant for several years.

93. Plaintiff's position, which was a crucial role in Defendant's employment structure, was replaced by a younger individual. Further, Plaintiff was forced into an early retirement, creating a strong inference of discriminatory animus.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against Defendant, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

/s/ Prabhu Narahari
Prabhu Narahari, Esq.
PA ID: 323895
**Ruppert Manes Narahari LLC**
600 Grant St., Suite 4875
Pittsburgh, PA 15219
(412) 626-5588 Direct
(412) 650-4845 Fax
pn@rmn-law.com

## VERIFICATION

  I, Bernard Galanko, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

_____
Bernard Galanko
